# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

```
THELMA FANNIN,                        )
                                      )
Plaintiffs,                           )
                                      )
vs.                                   )   NO. 2:09-CV-279
                                      )
GARY HOUSING AUTHORITY, Et. Al.       )
                                      )
Defendants.                           )
```

## OPINION AND ORDER

This matter is before the Court on the Motion For Default Judgment Against Defendant City of Gary Police Department and Request for Hearing on Damages, filed by Plaintiff, Thelma Fannin, on May 23, 2011. Upon due consideration, the motion for default judgment is **TAKEN UNDER ADVISEMENT** and this matter is set for hearing on September 7, 2011 at 1:00 p.m.

BACKGROUND

Plaintiff, Elizabeth Fannin ("Fannin"), filed an initial complaint against the Gary Housing Authority, LLC, Samuel Johnson, Calo Ambrosia, and Clarence Hightower, in their individual and official capacities, on September 11, 2009. Fannin brought her claim pursuant to 42 U.S.C. section 1983, and claims that on December 15, 2007, she was the victim of an unlawful search and seizure and excessive force, in violation of the Fourth Amendment. The claim stems from allegations that Fannin attempted to steal

bingo cards from the recreation room at the Genesis Towers, where she resides.

Fannin filed an amended complaint on December 3, 2009. The amended complaint removed Calo Ambrosia as a defendant and added City of Gary Police Department as a defendant. Defendant City of Gary Police Department did not file an appearance or an answer in response to the amended complaint. On April 20, 2010, Fannin moved for default judgment as to the City of Gary Police Department, but the motion was denied because Fannin failed to first seek an entry of default. On April 26, 2010, Fannin moved for an entry of default as to the City of Gary Police Department, and the Clerk formally entered default as to the City of Gary Police Department on April 27, 2010.

The City of Gary Police Department moved to set aside the default on May 14, 2010. This Court denied that motion on June 25, 2010. Fannin then moved to assess damages without moving for default judgment, and her request was denied.

Thereafter, Defendants Gary Housing Authority LLC, Clarence Hightower, and Samuel Johnson were dismissed by stipulation of the parties, leaving only the City of Gary Police Department as a Defendant. In May of 2011, Fannin requested leave to file a motion for a hearing to determine damages. The Court explained that leave was not required, but that any motion for a hearing on damages would be premature in the absence of a motion for default judgment.

Fannin has now filed the instant motion, seeking both default judgment against the City of Gary Police Department and a hearing to establish damages.

DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. When a defendant fails to answer a complaint or otherwise defend himself, the Clerk can make an entry of default. Fed. R. Civ. P. 55(a); *see also Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980) ("Once a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge."). Entry of default must precede an entry of default judgment. *See, e.g., Hirsch v. Innovation Int'l*, No. 91 C 4130, 1992 WL 316143, at *1 (S.D.N.Y. Oct. 19, 1992). In this case, the Clerk entered default against City of Gary Police Department on April 27, 2010. A district court may enter a default judgment against a party who "has failed to plead or otherwise defend" the case. Fed. R. Civ. P. 55(a).

In a motion for default judgment, the well-pleaded allegations of a complaint relating to the amount of damages suffered must be proved. *Yang v. Hardin,* 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. DiMucci,* 879 F.2d 1488, 1497 (7th Cir. 1988)). Before the entry of default judgment, Federal Rule of Civil Procedure 55(b)(2) provides that the district court "may conduct

3

hearings or make referrals ... when, to enter or effectuate a judgment, it needs to . . . to determine the amount of damages." Fed. R. Civ. P. 55(b)(2). Such proceedings are required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).

In this case, Plaintiff seeks both equitable relief and monetary damages, and alleges that the requested relief cannot be determined by mathematical calculation. Accordingly, a hearing is required.

CONCLUSION

For the reasons set forth above, Plaintiff's Motion For Default Judgment Against Defendant City of Gary Police Department and Request for Hearing on Damages is **TAKEN UNDER ADVISEMENT** and this matter is set for hearing on September 7, 2011 at 1:00 p.m.

**DATED: July 25, 2011**             /s/ RUDY LOZANO, Judge
                                                           **United States District Court**