**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| THELMA FANNIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NO. 2:09-CV-279 |
| | ) | |
| GARY HOUSING AUTHORITY, Et. Al. | ) | |
| | ) | |
| Defendants. | ) | |

## **AMENDED OPINION AND ORDER**[1]

This matter is before the Court on the Motion to Enforce Settlement Agreement and Motion for Attorneys Fees and Sanctions, both filed by Plaintiff on February 7, 2012. The motions are **DENIED** because this court lacks jurisdiction to entertain them.

On September 29, 2011, the parties submitted a stipulation to dismiss this case with prejudice pursuant to Rule 41(a)(1), and the case was dismissed pursuant to the stipulation. Plaintiff now seeks to enforce a settlement agreement in this Court, and Plaintiff's counsel asserts that this Court has discretion to enforce the agreement.

Contrary to the assertions of Plaintiff's counsel, this Court does not retain jurisdiction over the enforcement of the terms of the parties' settlement agreement after a cause of action has been dismissed with prejudice. *Lynch, Inc. v. SamataMason, Inc.*, 279

---

[1]The order is amended to correct the date.

F.3d 487, 489 (7th Cir. 2002); *See also White v. Adams*, 2009 WL 773877, *1 (7th Cir. 2009)("When a case settles, a district court typically dismisses the suit with prejudice and relinquishes jurisdiction; any action to enforce the settlement agreement must proceed as a state-law contract claim, which the district court may entertain only if there is an independent basis for jurisdiction, such as diversity.")

The case Plaintiff relies upon, *Collins v. Educational Therapy Center*, is distinguishable from the instant case in that the court in *Collins* dismissed the case "without prejudice and with leave to reinstate in the event that the settlement was not consummated" and explicitly retained jurisdiction for purposes of enforcing the settlement. *Collins v. Educational Therapy Center,* 184 F.3d 617, (7th Cir. 1999). In contrast, this case was dismissed with prejudice and this Court did not retain jurisdiction to enforce the settlement between the parties. Any discretion the Court has to retain jurisdiction must be exercised at the time of dismissal, not months later when a party desires to enforce a settlement agreement. While the circumstances relayed by Plaintiff's counsel are quite disconcerting, her remedy must be found elsewhere.

**DATED: February 7, 2012**          /s/ RUDY LOZANO, Judge
                                                       **United States District Court**